UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GHAZIR GIRON LACAYO                          CIVIL ACTION

VERSUS                                       NUMBER: 08-4944

WALTER REED                                  SECTION: "A"(5)

## REPORT AND RECOMMENDATION

Utilizing the standardized form provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, pro se plaintiff, Ghazir Giron Lacayo, has filed the above-captioned matter in forma pauperis against defendant, Walter Reed, District Attorney for the Parish of St. Tammany.

Plaintiff was arrested on June 21, 2006 and is awaiting trial on a charge of aggravated criminal damage to property. Plaintiff is now suing District Attorney Reed, alleging that his initiation of plaintiff's criminal prosecution, presumably through the presentation of the case to a grand jury, was maliciously done in bad faith and for the purpose of harassment. Plaintiff seeks injunctive relief and a substantial amount of monetary damages.

Initially, the Court is required to examine plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state court conviction or confinement.  When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of habeas corpus even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. <u>Caldwell v. Line</u>, 676 F.2d 494 (5th Cir. 1982); <u>Richardson v. Fleming</u>, 651 F.2d 366 (5th Cir. 1981); <u>Johnson v. Hardy</u>, 601 F.2d 172 (5th Cir. 1979).  Where the exclusive initial remedy is for habeas corpus relief, exhaustion of state court remedies is required, a requirement that applies to both pre-trial and post-conviction habeas proceedings.  <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 93 S.Ct. 1827 (1973); <u>Dickerson v. State of Louisiana</u>, 816 F.2d 220, 225 (5th Cir.), <u>cert</u>. <u>denied</u>, 484 U.S. 956, 108 S.Ct. 352 (1987).  The exhaustion requirement is satisfied only where a prisoner's grounds for federal habeas corpus relief were previously presented to the state's highest court in a procedurally proper fashion.  <u>Knox v. Butler</u>, 884 F.2d 849, 852 n.7 (5th Cir. 1989), <u>cert</u>. <u>denied</u>, 494 U.S. 1088, 110 S.Ct. 1828 (1990); <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988).

Plaintiff herein alleges that he is the victim of malicious

prosecution at the hands of the named defendant. Such allegations clearly challenge the fact and duration of plaintiff's confinement, a proper habeas corpus issue which cannot be addressed until Lacayo has exhausted available state court remedies. McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994); Stephenson v. Reno, 28 F.3d 26, 27 (5th Cir. 1994); Hernandez v. Spencer, 780 F.2d 504, 505 (5th Cir. 1986). As plaintiff makes no showing of having done so, insofar as the instant matter can be construed as a request for habeas corpus relief, it should be dismissed without prejudice for failure to exhaust available state court remedies.

The Court must now determine whether any viable §1983 claim is raised by plaintiff's complaint. The named defendant district attorney is entitled to absolute prosecutorial immunity for the acts complained of sub judice. Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984 (1976); Graves v. Hampton, 1 F.3d 315, 317-18 (5th Cir. 1993). In addition, plaintiff has no claim for malicious prosecution unless and until the criminal proceedings against him are resolved in his favor. Piazza v. Mayne, 217 F.3d 239, 245 (5th Cir. 2000). Finally, assuming that plaintiff is convicted of aggravated criminal damage to property as charged, he would have no §1983 claim for malicious prosecution unless and until he was able to have his conviction invalidated by an appropriate state or

federal tribunal. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994); Wells v. Bonner, 45 F.3d 90, 94-95 (5th Cir. 1995). Plaintiff's §1983 claim should thus be dismissed with prejudice under 28 U.S. §1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's §1983 claim be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  25th  day of      November     ,
200_.

                                                              _____
                                                       UNITED STATES MAGISTRATE JUDGE